UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| LAURA TWEED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CV 99-1350 BRB/WWD |
| | ) |
| BILL SOWDER, SHERIFF SONNY | ) |
| KEESEE, JOE ROORDA, RICHARD | ) |
| COOK, THE STATE OF TEXAS, and | ) |
| THE COUNTY OF LUBBOCK, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

This matter is before the Court to consider Plaintiff's response to the order entered April 7, 2000, which required that Plaintiff file a response showing good cause why her complaint should not be dismissed. In apparent response to the order, Plaintiff sent to the Clerk by electronic facsimile ("fax") a letter with a number of attachments, stating that one Defendant has been served and attempts are being made to serve the others. The fax was not filed by the Clerk and was placed on the correspondence side of the file.

Plaintiff's fax letter fails in a number of ways to comply with the order. First, Plaintiff was directed to file her response. A letter to the Clerk is not a filed response; court papers must be properly captioned and submitted with copies. *See* D.N.M.LR-Civ 10, 5.1. Furthermore, filing by fax is not permitted except by leave of the Court. *See* D.N.M.LR-Civ 5.4. As stated by the Court of Appeals for the Tenth Circuit: "This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern

other litigants.'" *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).  On the assumption that the form of Plaintiff's response and the manner of its submission to the Court resulted from inadvertence, the Clerk will be directed to file Plaintiff's fax letter as a response to the order to show cause.

Plaintiff's response is also lacking in substance.  Plaintiff offers no excuse for failing to serve Defendants within the time limit prescribed in Fed.R.Civ.P. 4(m).  Furthermore, the copy of the purported return of service for Defendant Cook indicates that the summons apparently was delivered to "Trisha Archuleta /Telephonically authorized to accept service on behalf of Joy Jones (Registered Agent) for Associated Asphalt."  On its face, therefore, the return for Defendant Cook provides no evidence that he was served or has waived service, and the complaint does not name Associated Asphalt as a defendant.  The file thus contains no indication that any Defendant has been served.  Plaintiff has failed to comply with the time limit in Fed.R.Civ.P. 4(m) or to show good cause for this failure.  The complaint against Defendants will be dismissed.  Fed.R.Civ.P. 4(m).

IT IS THEREFORE ORDERED that the Clerk is directed to file Plaintiff's fax letter dated April 17, 2000, and to send copies of the Court's local rules and instructions for pro se litigants to Plaintiff with a copy of this order;

IT IS FURTHER ORDERED that Plaintiff's complaint be DISMISSED without prejudice; and a final order of dismissal will be entered in accordance with this opinion.

Entered for the Court
this 15th day of May, 2000


Bobby R. Baldock
United States Circuit Judge
Sitting By Designation